**Edwin Orlando SALTO–MOLINA, Flanclin Bladimir Salto–Molina, Jhonny Omar Guerrero–Salto, Wilson Genaro Pillco–Salto, Petitioners,***

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.****

Nos. 08–3379–ag (Lead), 08–3441–ag (Con), 08–3442–ag (Con), 08–3443–ag (Con).

United States Court of Appeals, Second Circuit.

Oct. 9, 2009.

---

* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Theodore C. Hirt, Attorney, Office of Immigration Litigation (Michael F. Hertz, Acting Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, on the brief) Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, Circuit Judges, EDWARD R. KORMAN, District Judge.***

## SUMMARY ORDER

Petitioners, Edwin Orlando Salto–Molina ("Edwin"), Flanclin Bladimir Salto–Molina ("Flanclin"), Jhonny Omar Guerrero–Salto ("Jhonny") and Wilson Genaro Pillco–Salto ("Wilson"), natives and citizens of Ecuador, seek review of final orders of the Board of Immigration Appeals ("BIA") entered, as to Wilson, on June 10, 2008, and, as to the other three petitioners, on June 19, 2008, affirming the decision of an Immigration Judge ("IJ") denying petitioners' motions to suppress evidence and ordering their removal. We assume the parties' familiarity with the factual and procedural history of the case.

■ On appeal, petitioners argue that the proceedings before the IJ were fundamentally unfair and denied them due process of law because an evidentiary hearing was not conducted to further "develop the record." Pet'rs Br. 15. Petitioners never requested an evidentiary hearing before the IJ, however, and never suggested the

lack of such a hearing as a ground for error in their brief to the BIA. Accordingly, because petitioners failed to exhaust their administrative remedies with respect to that claim, we lack jurisdiction to consider it in the first instance. *See* 8 U.S.C. § 1252(d)(1); *Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 77–78 (2d Cir.2008) (dismissing claim where petitioner's BIA brief was not adequate to put the agency on notice of a particular argument).

■ The IJ's failure to hold an evidentiary hearing is the only issue adequately raised in petitioners' opening brief and we therefore consider all other arguments waived. *See Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

## CONCLUSION

We have considered all of the petitioners' arguments and find them to be without merit. For the foregoing reasons the petition for review is **DENIED.** As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DISMISSED.**

---

*** The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.